UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID JAMES PARKINS,

    Plaintiff,

v.                                  Case No. 3:23-cv-1422-TJC-PDB

LOUIS DEJOY, Postmaster General,

    Defendant.

## ORDER

This employment discrimination case is before the Court on Defendant's Motion to Dismiss Second Amended Complaint (Doc. 38), to which plaintiff responded in opposition (Doc. 41). Plaintiff, who alleges he has depression and anxiety, suffered on the job injuries to his back in July 2020 and March 2021. Plaintiff alleges the Postmaster failed to provide reasonable accommodations that would account for his lifting restrictions while his back recovered and also account for his mental health restrictions, which prevented him from working the midnight to six a.m. shift. Plaintiff also alleges the Postmaster retaliated against him for availing himself of his leave benefits.

The Postmaster moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). First, he contends that any claims related to failure to accommodate plaintiff's physical restrictions should be dismissed for failure to

exhaust administrative remedies. But the EEOC documents of record belie that. See Doc. 28-2 at 1 (EEOC Final Agency Decision, describing Statement of Claims: plaintiff "alleged discrimination based on disability (back), [and] mental disability (depression)," and alleged he "was not accommodated when management offered [plaintiff] modified duty assignments that violated [plaintiff's] medical restrictions"); Doc. 1-2 at 1 (EEOC right to sue letter, describing plaintiff's limitations caused by July 2020 and March 2021 back injuries). Thus, the Court rejects the Postmaster's argument that the Court lacks subject matter jurisdiction as to plaintiff's claims related to the accommodation for plaintiff's physical disabilities.

The Postmaster also contends that plaintiff fails to state a claim as to his request for accommodations for his physical disabilities. But it is evident from the allegations of plaintiff's Second Amended Complaint that his physical restrictions following his two back injuries were the genesis of his subsequent requests for accommodations in the first place. Stated otherwise, without the physical disability, there would have been no need for any accommodations. Drawing reasonable inferences, plaintiff alleges that the Postmaster failed to provide accommodations that accounted for both his physical disabilities and his preexisting mental disabilities. This satisfies Rule 8.

The Postmaster further argues that plaintiff fails to allege that his depression and anxiety substantially limit a major life activity. But here too,

the Court can reasonably infer from the allegations that plaintiff's mental conditions limit his ability to work—a major life activity—in that he alleges he was unable to perform work during the only hours of the day that the Postmaster offered.[1] At least for purposes of a motion to dismiss, this is sufficient.

Finally, the Postmaster contends plaintiff's retaliation claims fail because he has not alleged he engaged in statutorily-protected conduct, nor any causal connection between that conduct and the allegedly adverse employment action. The Court finds plaintiff's allegations, though somewhat vague, are sufficient to withstand a motion to dismiss. The discovery process will flesh this out.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 38) is **DENIED**. No later than **March 25, 2025**, the Postmaster shall answer the second amended complaint.

2. Defendant's Second Motion to Stay Discovery (Doc. 40) is **MOOT**. The Court will issue a Case Management and Scheduling Order by separate

---

[1] In the Eleventh Circuit, "work" is considered a major life activity. Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1216 (11th Cir. 2004). The Postmaster cites cases for the proposition that the inability to work a certain shift is not, by itself, a disability. See Doc. 38 at 10-11. But those cases were in a different procedural posture on a fully developed record. It is premature to make those calls here.

order.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record